UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LANDON CAMPBELL, Individually
and on behalf of others similarly situated,

       Plaintiff,

vs.

CHHJ FRANCHISING L.L.C.,

       Defendant,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LANDON CAMPBELL, (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues the Defendant, CHHJ FRANCHISING L.L.C., (hereinafter referred to as "DEFENDANT") and alleges as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

### PARTIES

3.     Plaintiff resides in Hillsborough County, Florida.

4.     Defendant is a foreign corporation licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.  At all times material

1

Defendant was an employer as defined by the FLSA.

5.      At all times material Defendant was and employer as defined by the laws under which this action is brought.

## GENERAL ALLEGATIONS

6.      At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7.      Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8.      Plaintiff requests a jury trial for all issues so triable.

## FACTS

9.      Plaintiff began his employment on or about December 22, 2019 as a Sales Agent.

10.     Plaintiff earned an hourly rate plus commission.

11.     Plaintiff regularly worked hours in excess of forty (40) however Plaintiff was not compensated at the rate of one and one-half times his regular pay.   Specifically, Defendant failed to include Plaintiff's commission in the calculation of his regular rate.

12.     Defendant also regularly adjusted Plaintiff's earned commissions to reduce the amount paid to Plaintiff.

13.     Plaintiff regularly objected to Defendant's unlawful pay practices above.

14.     On or about June 19, 2020, Plaintiff began feeling ill with symptoms of Covid. He informed his manager that he made an appointment to get tested.  His manager threatened that without a doctor's note he would receive points for his absences and that his job would be in jeopardy.

2

15.     Plaintiff had the Covid test on June 23, 2020, and again told his manager he wasn't felling well but would not get the results for the test for several days.

16.     On Friday June 26, 2020, Plaintiff was terminated.

17.     The following day Plaintiff received his test results confirming he had tested positive for the Covid-19 virus.

**COUNT I**
**FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)**

18.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

19.     Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

20.     Throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

21.     The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

22.     Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

23.     Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

24.     Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

25.     Defendant's violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

26.     As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and have incurred reasonable attorneys' fees and costs.

27.     As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

28.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully request that judgment be entered in their favor against Defendant including, but not limited to:

a.     Awarding Plaintiff overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b.     Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.     Awarding prejudgment interest;

d.     Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.     Determining that the FLSA was violated and an adjudication on the merits of the case;

f.     Ordering any other further relief the Court deems just and proper.

## COUNT II

29.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

30.     At all times material, Defendant employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

31.     Throughout their employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

32.     At all times material, Defendant failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

33.     Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

34.     As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

## COUNT III
## <u>FLORIDA STATUTE CHAPTER  448.08 -  UNPAID WAGES</u>

35.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

36.     Plaintiff earned wages and commissions over the course of his employment which are owed and payable by the Defendant employer pursuant to Florida Statute Chapter 448.08.

37.     Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendant for back pay, unpaid wages, commissions, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT IV
## <u>FFCRA – INTERFERENCE</u>

38.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

39.     Defendant's actions interfered with Plaintiff's lawful exercise of his FFCRA rights.

40.     Defendant's actions constitute violations of the FFCRA.

41.     As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

        a.      Back pay and benefits;

        b.      Interest;

        c.      Liquidated damages;

d.       Attorney's fees and costs;

e.       Equitable relief;

f.       Such other relief as is permitted by law.

**COUNT V**
**FFCRA - RETALIATION**

42.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

43.     Defendant retaliated against Plaintiff for asserting his FFCRA rights.

44.     Defendant's actions constitute violations of the FFCRA.

45.     As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated: September 18, 2020

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
 Facsimile (727) 483-7942
Attorneys for Plaintiff