UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LANDON CAMPBELL,
Individually and on behalf of
others similarly situated,

    Plaintiff,

v.

CHHJ FRANCHISING, L.L.C.,

    Defendant.

CASE NO.  8:20-cv-02208-MSS-SPF

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Landon Campbell ("Plaintiff") on behalf of himself and a group of similarly situated others, and CHHJ Franchising L.L.C. ("Defendant" or "CHHJ") (Plaintiff and Defendant are together referred to herein as the "Parties" and singularly as "Party"), through their undersigned counsel, respectfully move the Court to: (1) approve the terms of the settlement they have agreed upon following extensive negotiations; and (2) dismiss this case with prejudice and direct entry of final judgment.  In support of this motion, the Parties state as follows.

### FACTUAL BACKGROUND

College Hunks Hauling Junk and Moving ("CHHJM") is a junk removal and moving company that is headquartered in Tampa, Florida.  CHHJM provides local and long distance full service moving and office relocation and junk removal

services. The Company's call center, known as the Sales and Loyalty Center ("SLC"), is located at its headquarters in Tampa. SLC employees field calls from customers nationwide and schedule jobs for junk removal and moving services.

CHHJ Franchising, L.L.C. ("CHHJ Franchising"), does business as CHHJM. In December 2019, CHHJ Franchising hired Plaintiff to work as a SLC Sales Agent at its Tampa headquarters. In this role, Plaintiff was responsible for selling CHHJM services to clients. Plaintiff's duties included answering incoming calls, dialing outbound calls to clients who inquired about CHHJM services, and booking all viable jobs. Plaintiff was paid an hourly rate and he was eligible to earn commissions. Under the commission plan applicable to Plaintiff's role, Plaintiff's commissions were based on deals closed in the prior month; the formula also considered how agents performed relative to each other and their seniority with CHHJ. Plaintiff worked for CHHJ Franchising until June 26, 2020.

On September 18, 2020, on behalf of himself and a group of others "similarly situated," Plaintiff filed a lawsuit in which he accused Defendant of violating the Fair Labor Standards Act ("FLSA"). ("Complaint I"). ECF No. 1. In Complaint I, Plaintiff claimed CHHJ failed to include commissions in the regular rate for the purposes of calculating overtime. *Id.* Plaintiff also asserted several individual claims against CHHJ, including unpaid wage claims and claims under the Families First Coronavirus Response Act ("FFCRA") (collectively referred to herein as

"Individual Claims").[1]  *Id.*  On October 16, 2020, Defendant moved to dismiss Complaint I and in response, on October 30, Plaintiff filed an amended complaint. ("Complaint II).  *See* ECF Nos. 9, 14.  Plaintiff's FLSA claims largely remained unchanged in Complaint II.

Following some additional motion practice, in November the undersigned counsel discussed participating in an early mediation.  After rescheduling a January 12, 2021 mediation due to defense counsel's illness, on January 20, the Parties participated in an extended (over 9-hour) mediation with Carlos Burruezo.  As of the date of mediation (and through to the present) four (4) individuals ("opt-in plaintiffs") have joined the case: Brian Randolph, Dillon Terrell, Gabriella Mengel, and Meagan McNease.  *See* ECF Nos. 12-13, 15-16.  They are each former SLC Agents.

In advance of the mediation, pursuant to Federal Rule of Evidence 408, the undersigned produced to Plaintiff data illustrating the maximum amount in back wages CHHJ calculated it possibly could owe Plaintiff and the opt-in plaintiffs when including commissions in the regular rate for the purposes of calculating overtime. CHHJ also shared with Plaintiff detail regarding the formula CHHJ used to compute the maximum back wage amounts.  Plaintiff's counsel reviewed this information

---

[1] Because this Court need not approve settlement of the Individual Claims, Plaintiff and CHHJ address the terms of their settlement relating to those claims in a separate agreement that they are not presenting to this Court.

before the parties met on January 20; during the mediation, the Parties discussed this information and the calculations.

During the course of the mediation, the Parties hotly debated many issues in the case, including the potential damages at stake. Over the course of the day, the Parties exchanged numerous demands and offers. Through his counsel, Plaintiff aggressively urged his view of the back wages CHHJ owed him; he also aggressively negotiated on behalf of the opt-in plaintiffs. Each Party also actively engaged and consulted with Mr. Burruezo. Ultimately, the mediation was successful and the Parties reached agreement on all of Plaintiff's Individual Claims and his FLSA claims.

Regarding the FLSA claims, following extensive discussion, Plaintiff accepted CHHJ's calculations regarding the potential back wages owed to him and the opt-in plaintiffs. CHHJ's calculations disclosed CHHJ would owe a maximum of $158.62, $2.00,[2] $3.71, $37.60, and $65.36, to Plaintiff, Brian Randolph, Dillon Terrell, Gabriella Mengel, and Meagan McNease, respectively. CHHJ also agreed to pay Plaintiff and each opt-in plaintiff an equal amount in liquidated damages.

In addition to dismissing the lawsuit and their wage and hour claims, to settle this matter, CHHJ asked Plaintiff and the opt-in plaintiffs to agree to certain other

---

[2] CHHJ's calculation demonstrated Mr. Randolph would in fact be owed $1.06 in back wages but CHHJ rounded this amount up to $2.00 for the purposes of payment.

4

promises, including, for example, to enter into a general release and to keep the terms of their respective settlements confidential. CHHJ offered to pay additionally for these promises and these terms were likewise the focus of extensive negotiation during the mediation. Following multiple demands and offers, the Parties agreed CHHJ will pay Plaintiff $900[3] as consideration for the general release, class and collective action waiver, confidentiality, non-disparagement, cooperation, future employment provisions and other promises set forth in the Agreement; CHHJ will pay each of the opt-in plaintiffs $1,000 as consideration for these commitments.[4]

The Parties also separately negotiated the amount ($10,000.00) to be paid Plaintiff's counsel for attorneys' fees and costs for his services and costs incurred on behalf of Plaintiff and the opt-in plaintiffs in prosecuting the wage claims. The executed settlement agreements (collectively, "Agreements"), that reflect these terms are attached as Exhibit A.

As detailed above, this matter involves a bona fide dispute regarding the amounts of back wages CHHJ potentially owes to Plaintiff and the opt-in plaintiffs. As demonstrated in this motion, the Parties agreed upon the terms of the Agreements following extensive negotiations and sharing of information. The Agreements'

---

[3] As noted, Plaintiff, through counsel, also negotiated a separate settlement of his Individual Claims for which he is receiving additional consideration.

[4] Even though each opt-in plaintiff authorized Plaintiff to negotiate and agree to a settlement on his or her behalf, Plaintiff's counsel discussed the terms of these commitments with each opt-in plaintiff before Plaintiff agreed to these provisions.

terms reflect the recognition of the risks and costs of litigation by Parties with counsel experienced in such matters. In order to avoid these risks and costs, the Parties agree that resolving this litigation in accordance with the Agreements makes sense for all concerned. The Parties therefore urge this Court to approve their settlement.

## MEMORANDUM OF LAW

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Courts recognize that when employees sue for back wages under the FLSA, "settlements may be permissible because initiation of the action by the employees provides some assurance of an adversarial context." *Strickland v. Air Tech Servs. of Pasco*, *Inc.*, 2020 U.S. Dist. LEXIS 74414, at *2 (Apr. 20, 2020) (Flynn, M.J.) (internal quotation marks omitted) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1354), *report and recommendation adopted by*, 2020 U.S. Dist. LEXIS 73427 (M.D. Fla., Apr. 27, 2020).

To approve an FLSA settlement, a court must decide that the compromise is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. If the settlement is fair and reasonable, the court should approve the settlement in order to promote the policy of encouraging

settlement of litigation. *See id.*, 679 F.2d at 1354. The terms of the Parties' settlement plainly comply with the spirit of *Lynn's Food Stores, Inc.*

Further, when "the parties represent that the attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff . . . the Court does not need to consider the reasonableness of the attorney's fees and costs." *Strickland*, 2020 U.S. Dist. LEXIS 74414, at *4. In light of the Parties' representation that the attorneys' fees and costs amount to be paid counsel were agreed upon separately and without regard to the amount paid to Plaintiff and the opt-in plaintiffs, this Court need not evaluate the reasonableness of the attorneys' fees and costs the Parties agreed to in the first instance.

While the Agreements also contain confidentiality, non-disparagement, no rehire, and general release provisions, these provisions do not render the Agreements unfair. As noted above, in exchange for these promises, Plaintiff and each opt-in plaintiff will be paid separate and significant consideration, in addition to the amount he or she will be paid for their FLSA claims. Courts in the Middle District of Florida regularly approve FLSA settlements with general releases when they are "supported by independent consideration and made with the benefit of advice of counsel." *Strickland*, 2020 U.S. Dist. LEXIS 74414, at *4-5 (citing cases); *see also Southwick v. Pystmo, LLC*, 2018 U.S. Dist. LEXIS 44979, at *2 (M.D. Fla. Mar. 20, 2018) (approving general release in FLSA settlement agreement in exchange for separate

consideration). Middle District of Florida courts likewise approve no rehire and confidentiality[5] provisions when promised in exchange for separate consideration. *See, e.g.*, *Garcia v. B&B Trucking Servs.*, 2017 U.S. Dist. LEXIS 118780, at *4-5 (M.D. July 12, 2017) (citing cases), *report and recommendation adopted by*, 2017 U.S. Dist. LEXIS 117729 (M.D. Fla., July 27, 2017).

Plaintiff and the opt-in plaintiffs were at all times represented by competent counsel and Plaintiff negotiated settlement terms that are satisfactory to the Parties. The undersigned counsel, who are experienced in wage and hour matters, view this settlement as a good outcome for the Parties. It could be years before this matter is ready for a trial, and a jury and/or this Court ultimately could determine that Plaintiff and/or one or more of the opt-in plaintiffs is not entitled to the recovery CHHJ has offered to them in this settlement. After assessing their respective positions and consulting with their counsel, the Parties decided it is in their respective best interests to resolve this matter early through settlement rather than to proceed through

---

[5] Further, while the Agreements contain confidentiality provisions, the Parties do not seek to file the Agreements under seal. Rather, in exchange for separate consideration, Campbell and the opt-in plaintiffs, all represented by experienced counsel, have agreed (with certain exceptions) they will not disclose the terms of the Agreements or information and/or discussions leading up to the Agreements. Given these circumstances, the Parties submit the confidentiality provisions do not render the Agreements unfair and they request the Court approve the bargained for provisions. *E.g.*, *Seda v. All Fla. Appliance & AC, Inc.*, 2015 U.S. Dist. LEXIS 75787, at *4-5 & n.2 (M.D. Fla. June 4, 2015) (approving FLSA settlement with confidentiality provision where parties were "represented by competent counsel" and "the public's interest [would] be adequately safeguarded by the disclosure of [the] FLSA settlement agreement on the record . . ."), *report and recommendation adopted by*, 2015 U.S. Dist. LEXIS 75791 (M.D. Fla. June 11, 2015).

potentially extended and certainly costly litigation. Because the settlement reached in this matter reflects "a fair and reasonable resolution of a bona fide dispute"; *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; the Parties respectfully request that this Court approve their settlement.

## CONCLUSION

In light of the contested issues presented in this case and the potentially protracted and expensive litigation that lies ahead, the settlement terms represent a fair and equitable resolution of this matter. The Parties therefore respectfully request that the Court enter an order: (1) approving the terms of their Agreements and dismissing this action with prejudice; and (2) directing the entry of final judgment.

Respectfully submitted this 11th day of February 2021.

| | |
|---|---|
| Wolfgang M. Florin | Theresa M. Waugh |
| FLORIN GRAY BOUZAS OWENS, LLC | LITTLER MENDELSON, P.A. |
| 16524 Pointe Village Drive, Ste. 100 | 111 North Orange Avenue, |
| Suite 1750 | |
| Lutz, Florida 33558 | Orlando, Florida 32801 |
| Telephone: (727) 254-5255 | Telephone: (407) 393-2900 |
| Facsimile: (727) 483-7942 | Facsimile: (407) 393-2929 |
| | |
| By: */s/Wolfgang M. Florin* | By: */s/Theresa M. Waugh* |
| Wolfgang M. Florin | Theresa M. Waugh |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| Fla. Bar No.: 907804 | Fla. Bar No.: 89593 |
| wolfgang@fgbolaw.com | twaugh@littler.com |