## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LANDON CAMPBELL, Individually
and on behalf of others similarly
situated,**

      **Plaintiff,**

**v.**                                   **Case No: 8:20-cv-2208-MSS-SPF**

**CHHJ FRANCHISING, L.L.C,**

      **Defendant.**

_____

### ORDER

    **THIS CAUSE** comes before the Court for consideration of the Parties' Joint

Motion for Approval of Settlement and Dismissal with Prejudice. (Dkt. 27) Therein,

the Parties request that the Court approve the settlement of the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claim and dismiss the case with prejudice. (Id.)

    A claim brought under the FLSA can be settled and resolved in two ways. First,

an employee may settle and waive claims under the FLSA if the payment of unpaid

wages by the employer to the employee is supervised by the Secretary of Labor. 29

U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th

Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if

the parties file a proposed settlement agreement with a district court, and the district

court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d

at 1353. To approve the settlement, the district court must determine whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.

Plaintiff was employed by Defendant as a sales agent from December 2019 to June 2020. (Dkt. 1 at ¶¶ 9-17) On September 18, 2020, Plaintiff filed this action against Defendant for violating the FLSA's overtime compensation provision by allegedly failing to pay him for overtime work. (Dkt. 1) Defendants moved to dismiss the FLSA claim. (Dkt. 9) Plaintiff amended its Complaint but left the FLSA count largely unchanged. (Dkt. 9, 14) Defendants denied the allegations. (Dkt 17) Prior to mediation, four (4) individuals joined in Plaintiff's case – Meagan McNease, Gabriella Mengel, Dillon Terrell, and Brian Randolph (collectively, the "Opt-In Plaintiffs"). (Dkt. 12-13; 15-16) The Parties engaged in mediation and now represent that they have reached an agreement to resolve the dispute. (Dkt. 27)

In exchange for, *inter alia*, a release from all liability, Defendant has agreed to pay a Settlement Sum of $15,434.58, consisting of: (a) $158.62, $2.00, $3.71, $37.60, and $65.36, to Plaintiff, Brian Randolph, Dillon Terrell, Gabriella Mengel, and Meagan McNease, respectively, as payment for back wages; (b) $158.62, $2.00, $3.71, $37.60, and $65.36, to Plaintiff, Brian Randolph, Dillon Terrell, Gabriella Mengel, and Meagan McNease, respectively, as liquidated damages; (c) $900 to Plaintiff and $1,000 to each Opt-In Plaintiff as consideration for the general release, confidentiality, non-disparagement, and other provisions set forth in their respective settlement agreements; and (d) $10,000 to Plaintiff's and Opt-In Plaintiffs' counsel, Florin, Gray,

Bouzas and Owens, LLC, according to the terms outlined in each settlement agreement (collectively, the "Settlement Agreements"). (Dkt. 27-1 at 4, 21, 37, 53, 70) The Parties agree that the settlement "reflects 'a fair and reasonable resolution of a bona fide dispute.'" (Dkt. 27 at 9) (citation omitted) The Parties further represent that attorney's fees and costs were negotiated separately from the settlement of the underlying wage claims. (Dkt. 27 at 5)

Upon review of the Settlement Agreements, the Court finds that, with the exception of the confidentiality provisions contained in Section 10 of the Settlement Agreements, the Parties' Settlement Agreements are fair and reasonable. "Courts within this circuit routinely reject [ ] confidentiality [ ] clauses contained in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA and attempt to limit Plaintiff's rights under the First Amendment." Carmichael v. Cosmos Hosp., Inc., No. 3:17-CV-576-J-34MCR, 2018 WL 1770652, at *1 (M.D. Fla. Mar. 26, 2018) (collecting cases). "Additionally, such provisions have been rejected because they are inherently unenforceable due to the public filing of such agreements." Id. Therefore, the Court finds that the confidentiality provision contained in Section 10 of the Settlement Agreements are unenforceable. Pursuant to the severability provision contained in Section 13 of the Settlement Agreements, the Court severs the confidentiality provisions from the Settlement Agreements and approves the remainder of the Settlement Agreements. However, the Court's approval of the Settlement Agreements in no way alters any party's obligation

to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

Accordingly, it is hereby **ORDERED** that:

1.      Joint Motion for Approval of Settlement and Dismissal with Prejudice, (Dkt. 27), is **GRANTED.**

2.      The Settlement Agreements (Dkt. 27-1) are **APPROVED** and shall **GOVERN** the Parties' conduct in settlement of this civil action.

3.      The Defendant shall disburse the Settlement Sum, including attorney's fees and costs as set forth herein and in accordance with the Settlement Agreements.

4.      The confidentiality provisions contained in Section 10 of the Settlement Agreements shall not be enforced and are stricken from the Settlement Agreements.

5.      This case is **DISMISSED WITH PREJUDICE**. Each party shall bear its own legal fees and costs, except as specified in the parties' Settlement Agreements. **No retainer agreement between the Plaintiff and counsel shall override or alter the amount of settlement proceeds due to the Plaintiff in accordance with the terms of the settlement agreement as**

**approved by this Order. Counsel shall provide a copy of this order to their respective clients.**

6.    The **CLERK** is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of April, 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person